UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:20-cr-00065-GHD-DAS

BILLY RAY MCLEOD  DEFENDANT

---

OPINION DENYING DEFENDANT'S MOTION TO DISMISS BASED ON IMPROPER VENUE

---

Presently before the Court is the Defendant's motion seeking to have the Court dismiss this matter for improper venue [28]. Upon due consideration and for the reasons set forth below, the Court finds that the motion should be denied.

I.  **Factual and Procedural Background**

The Defendant was indicted in this District on October 8, 2020, in a one-count Indictment charging him with bank fraud [1]. The Grand Jury in this District subsequently returned a Superseding Indictment charging the Defendant with an additional seventeen counts of wire fraud [29]. In the meantime, the Defendant filed the present motion to dismiss based upon improper venue [28], arguing that venue is improper in this District.

The Government charges that the Defendant, who had a bank account with an Arkansas bank named Simmons Bank, became aware in September 2019 that Automated Teller Machines ("ATMs") owned by BancorpSouth bank would allow him to withdraw cash in amounts that vastly exceeded the funds he held in his Simmons Bank account. The Government alleges that this was caused by a software update error that caused BancorpSouth ATMs to fail to recognize declination codes from out-of-state or foreign banks between September 2019 until November 2019. The Government further alleges

that the Defendant, upon becoming aware that he could withdraw far more cash from BancorpSouth ATMs than he held in his bank account, fraudulently made over 600 such withdrawals in a six-week period, in an amount totaling nearly $480,000.

BancorpSouth is headquartered in and has its main network located in Tupelo, which is in this judicial district. The Government alleges that, although the Defendant's physical ATM withdrawals occurred in the Southern District of Mississippi, the location of the computer network with the software error that permitted the withdrawals was located in Tupelo, and that each ATM withdrawal initiated a wire communication from the ATM's physical location to the BancorpSouth network in Tupelo. The BancorpSouth network in Tupelo then communicated electronically with Simmons Bank through the PULSE ATM Network, which connects banks nationwide, and incorrectly authorized the Defendant's cash withdrawal requests.

## II. Standard of Review

Under the Sixth Amendment to the United States Constitution and Rule 18 of the Federal Rules of Criminal Procedure, venue in a criminal matter is proper in any judicial district where the crime was committed, and the Government must prove venue by a preponderance of the evidence. *United States v. Dupre*, 117 F.3d 810, 822 (5th Cir. 1997).

## III. Analysis

As noted above, the Defendant has been charged with bank fraud (18 U.S.C. § 1344) and with wire fraud (18 U.S.C. § 1343) [29]. Bank fraud is a "continuing" offense with respect to determining proper venue. *Dupre*, 117 F.3d at 822. The Fifth Circuit has made clear that "[v]enue of continuing offenses will lie 'in any district in which such offense was begun, continued, or completed.'" *Id.* Likewise, charges of wire fraud, which

require an interstate transmission, clearly support venue where the wire communication began, continued, <u>or</u> was completed. *United States v. Aldridge*, 688 Fed.Appx. 248, 249 (5th Cir. 2017).

The Court finds that the Government has shown by a preponderance of the evidence that venue is proper in this District because both of the alleged offenses were either begun, continued, or completed in this District. Each of the Defendant's alleged subject ATM transactions initiated a wire communication between the physical ATM and the BancorpSouth network in Tupelo. These communications were essential because the subject software that contained the error that permitted the alleged withdrawals was located in Tupelo. Further, because only out-of-state banks were subject to the software error, it was also essential that the Defendant used an out-of-state bank card, which in turn necessitated interstate communication between BancorpSouth in Tupelo and Simmons Bank in Arkansas – such communication could only allegedly occur through the subject network in Tupelo. Further, while the Defendant's physical interaction was with ATMs located in the Southern District of Mississippi, those ATMs communicated directly with BancorpSouth's main network in Tupelo, which in turn communicated with Simmons Bank in Arkansas – all of which was necessary to authorize the subject transactions. Finally, the alleged victim and the source of funds, as well as the subject software error, were all located in Tupelo, which lies within the Northern District of Mississippi. Accordingly, the Court finds that the Government has proven by a preponderance of the evidence that the subject alleged offenses were begun, continued, or completed in this District, and that venue in this District is therefore proper. The Defendant's motion shall therefore be denied.

## IV. Conclusion

For all of the foregoing reasons, the Court finds that the Defendant's motion to dismiss this matter for improper venue should be denied. The trial of this matter remains scheduled to commence on August 9, 2021, in Oxford, Mississippi.

An order in accordance with this opinion shall issue this day.

This, the 8th day of July, 2021.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE

4